[No. 532.   August 23, 1893.]

JOHN H. KNAEBEL, PLAINTIFF IN ERROR, V. WIL-
LIAM J. SLAUGHTER, DEFENDANT IN
ERROR.

JUDGMENT NIL DICIT, WHILE DEFENDANT'S PLEA IS ON FILE—PRACTICE
ACT, 1891, SECTION 4.—Held: Judgment by default can not be
entered in favor of plaintiff, for failure of defendant to file and serve
a copy of his plea on plaintiff or his attorney within the time required
by section 4 of the practice act of 1891, while the plea is on file and
undisposed of, especially not where the cause is set for hearing on the
issues thus made.

ERROR, from a judgment by default in favor of
plaintiff, to the First Judicial District Court, Santa Fe
County.   Judgment reversed.

The facts are stated in the opinion of the court.

CHARLES A. SPIESS for plaintiff in error.

L. G. READ for defendant in error.

LEE, J.—In this case the defendant in error, as
plaintiff below, brought an action in assumpsit against
the plaintiff in error, John H. Knaebel, which was
made returnable· under the act of 1891, providing that
the first Monday in each month shall be a return day,
and requiring the defendant to enter his appearance in
the office of the clerk of the court on or before the first
return day to which the writ is made returnable, or
judgment by default shall· be rendered against him.
Service was made on the defendant on the twenty-
fourth day of September, 1892, and on the twenty-
ninth day of October, 1892, the defendant entered his
appearance by Charles A. Spiess, his attorney.  On the

third day of November, 1892, there was filed in the office of the clerk of said district court in said cause a stipulation as follows:  "It is hereby stipulated by the parties to the above entitled cause, by their attorneys of record, respectively, that the time for answering or putting in a plea in the above entitled cause is hereby postponed until the first Monday in December, 1892." Afterward, on the sixth day of December, there was filed in the office of the clerk of the district court a plea of set-off by the defendant.  On January 6, 1893, the record shows that the cause was set down for trial on the third Tuesday of the term.  On the twenty-ninth day of said term, the same being Friday, February 3, 1892, the following order appears.  "Now comes said plaintiff, by his attorney, Mr. Read, and, said defendant having failed to plead herein within the time required by law, and saying nothing in bar or preclusion of plaintiff's action, whereby he remains undefended herein against said plaintiff, it is, therefore, considered and adjudged by the court that said plaintiff recover of said defendant his damages by reason of the premises; and, said plaintiff not demanding a jury, the court, after hearing the evidence, assesses the damages of said plaintiff at one hundred and fifty-five dollars and forty-seven cents,"—for which amount the judgment was accordingly entered.  The fourth section

JUDGMENT by default while defendant's plea is on file.

of the practice act of 1891 provides as follows:  "Within ten days after the defendant's appearance is entered, plaintiff, or his attorney or solicitor, shall deliver to the defendant, or his attorney or solicitor, a copy of the declaration or bill of complaint, or each successive pleading thereafter shall be filed with the clerk and a copy served on the opposite party, or his attorney or solicitor, within ten days of the filing and service of next preceding pleadings.  And failure to file and serve a pleading within the required time, shall entitle the opposite party, if

plaintiff, to a judgment nil dicit, or decree pro confesso; if defendant, to a judgment or decree of dismissal; provided, such judgment or decree is obtained before the pleading is filed and served." The record in this case shows that the plea was filed when the judgment nil dicit was taken. Judgment nil dicit could not be rendered while the defendant's plea was on file and not in any way disposed of, and especially while the cause was set down for trial on the issues thus made. The cause will have to be reversed and remanded to the court below for further proceedings in accordance with the views herein expressed. It is accordingly so ordered.

O'Brien, C. J., and Seeds, Fall, and Freeman, JJ., concur.